Jane LaFAZIA

v.

**CONNECTICUT SEAFOOD PRODUCERS, INC.**

No. 86–517–M.P.

Supreme Court of Rhode Island.

March 11, 1988.

Stephen M. Rappoport, East Providence, for plaintiff.

Robert K. Argentieri, Carroll, Kelly & Murphy, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is a workers' compensation dispute. On June 28, 1984, Jane LaFazia (Jane) was employed as the bookkeeper in charge of payroll at the Providence plant of Connecticut Seafood Producers, Inc. (Connecticut). Sometime during that day Jane was struck by an errant fork lift as she was walking along the loading dock on the way to her upstairs office. The fork-lift operator was unloading fish from a large trailer truck. Jane sustained injuries to her back, left leg, and pelvis as a result of being pinned against a wall. She received workers' compensation benefits directly from Connecticut's insurer for a twelve-week period that

began with the date of the injury. Jane filed a petition one day after the payments ceased, which petition sought benefits for total incapacity. Jane also worked as a part-time waitress in a cocktail lounge situated at an airport in Warwick. She has returned to work, both as bookkeeper and waitress.

At a hearing before a trial commissioner, Jane's neurosurgeon, Dr. Melvyn M. Gelch, testified that he had originally diagnosed his patient's injury as root irritation or compression of a nerve in the lumbar spine. He later performed a lumbar myelogram that revealed a large ruptured disk. According to Dr. Gelch, Jane could "live with" the ruptured disk, but he was recommending surgery.

In Dr. Gelch's opinion Jane was not capable of resuming her duties as bookkeeper.

Another witness before the commissioner was Dr. Stanley J. Stutz. He is an orthopedic surgeon. Doctor Stutz had been appointed as an impartial examiner by the trial commissioner pursuant to what is now G.L. 1956 (1986 Reenactment) § 28-35-24, which authorizes the appointment of an impartial examiner to determine the extent of an employee's disability. Doctor Stutz, relying on Jane's history, his examinations, and certain medical reports forwarded to him by the employer's insurance carrier, expressed the belief that Jane was suffering from a postpelvis fracture and inflammation of a nerve that originates in the lower part of the spinal cord and proceeds to the front part of the thigh and to portions of the leg and foot. Doctor Stutz stated that Jane could perform her bookkeeping duties but emphasized that prolonged sitting would cause her discomfort, adding that at no time should she do any bending.

The trial commissioner chose to rely on the testimony of Dr. Stutz and entered a decree that denied Jane's petition for benefits. Jane then appealed this action to the appellate commission. The appellate commission vacated the trial commissioner's decree because of the commission's belief that a party to a workers' compensation dispute may not provide an impartial medical examiner with medical information. According to the commission, the only individual who can furnish relevant information to an impartial medical examiner is the trial commissioner. The commission then went on to make an independent analysis of the record and awarded Jane benefits for partial incapacity.

Before us counsel for the employer's insurer emphasized that the information was forwarded to Dr. Stutz for the sole purpose of enabling the recipient to gain a better understanding of the issues that were pending before the trial commissioner.

■ The appellate commission justified its reversal of the denial by relying on *Parenteau v. Zimmerman Engineering, Inc.*, 111 R.I. 68, 299 A.2d 168 (1973). In *Parenteau* this court, when considering the portion of § 28-35-24 that deals with the authority of a trial commissioner to obtain an opinion from an impartial physician, said,

"In exercising this authority the trial commissioner is implicitly and necessarily invested with powers to furnish such portions of the record as he, in his sound discretion, deems necessary or essential to enable the impartial medical examiner to perform his duty." *Id.* at 76-77, 299 A.2d at 173.

However, the issue presented here is whether a party to a workers' compensation dispute, on its own initiative, can furnish medical information to an impartial examiner. We do not question the good faith of the insurer or its counsel in this situation. The statute is completely silent about whether the trial commissioner is to be the sole individual who can provide information to the designated physician. However, it appears to this court that it would thwart the purpose of appointing an impartial examiner if the parties were allowed to furnish information of their own choosing to the physician. The sole transmitting authority, in our opinion, should be the trial commissioner.

■ Since Dr. Stutz relied to some degree on documents furnished him by the insurer, we believe that a remand of this dispute would be most appropriate. Here-

after when an impartial examiner has been appointed, the trial commissioner shall schedule a hearing at which time counsel for all parties can appear and offer to the commissioner such information as each may deem pertinent for inclusion with the record that is to be forwarded to the examiner. What data is to be included in the record forwarded to the examiner is an issue that is to be resolved by the trial commissioner.

The employer's petition for writ of certiorari is granted, the decree appealed from is vacated, and the case is remanded to the Workers' Compensation Commission where a trial commissioner will designate another impartial examiner and permit counsel for the litigants to appear, if they so desire, and submit to the trial commissioner such material as they believe should be subject to the examiner's scrutiny.